HOLLIDAY, Respondent, v. ATTERBURY, Appellant.

1. The supreme court will not reverse a judgment of a lower court because the verdict of the jury is against the weight of evidence.

*Appeal from Shelby Circuit Court.*

This was a suit originally instituted in the Circuit Court of Monroe county, whence it was taken by change of venue to the Circuit Court of Shelby county. The plaintiff (Holliday) prayed judgment for the possession of a certain negro slave named Nance, and her child, and damages for their detention. Defendant (Atterbury), in his answer, denied plaintiff's alleged ownership of said negro slave and child, and claimed to own them in his own right.

On the trial, the following facts appeared in evidence: The slave Nance had belonged to plaintiff (Holliday), whose daughter married defendant (Atterbury) in the year 1840. In 1843, the slave Nance was in possession of Atterbury and remained so until some time in 1853, about eighteen months after the death of Mrs. Atterbury, when, upon her going to the house of plaintiff (Holliday), she was retained by him and prevented from returning to defendant's possession. Holliday hired Nance to one Brown, with whom she remained a few days, and from whose possession she was taken by defendant, without the permission and against the objection of the said Brown; whereupon the present suit was brought. There was evidence *pro* and *con* bearing upon the question whether Holliday, the plaintiff, had made a *gift* or a *loan* of the slave Nance to his daughter, Mrs. Atterbury. It is unnecessary to set this forth.

The court, on motion of plaintiff, gave the following instructions, to-wit: "1. Although the sending of the negro woman in contest to the defendant and his wife, the daughter of plaintiff, unaccompanied by a declaration that the negro was placed with defendant and his wife as a loan, raises a presumption that the negro was a gift, yet this is a mere presump-

tion, subject to be rebutted and explained by evidence. 2. If the jury believe, from the evidence in the case, that said negro girl was not placed by plaintiff with defendant and his wife as a gift, and was not so meant and intended, and said negro was not in fact given by plaintiff to defendant and his wife, they should find for the plaintiff. 3. If the plaintiff exhibited to defendant a list of advancements in 1844, that he said he had made to the defendant and his wife, and requested defendant and wife to sign a receipt for the same as advancements made to them at that time, and said defendant and wife signed a receipt for said advancements, and said negro was not included in the list and receipt, this is evidence from which the jury may find that the parties did not understand that said negro was given to defendant or wife. 4. If the jury find from the evidence in the case that the negro girl was not understood by the parties to be placed in possession of defendant or his wife as a gift, they should find for the plaintiff, although the plaintiff might not have said to defendant or his wife at the time of placing the negro there, that she was put there as a loan ; and it is competent to find the fact of gift or loan from all the evidence in the cause." To the giving of the foregoing instructions for plaintiff defendant excepted. The defendant then asked and the court gave the following instructions : " 1. If the jury believe from the evidence that the plaintiff sent the negro Nancy with his married daughter, Mrs. Atterbury, to her house, and permitted her to remain there to serve his said daughter, the law presumes that it was a *gift* of said negro to his said daughter, and the jury must find for the defendant, unless plaintiff has proved to the satisfaction of the jury that he only loaned said negro to his daughter, and that it was expressly understood not to be a gift at the time, they must find for defendant. 2. Although the jury may believe from the evidence that the defendant has admitted that plaintiff did not give said negro to his daughter nor to himself, yet *plaintiff* is not bound by such admission, if they were made in ignorance of his rights. 3. The jury should not take into consideration any

declaration made by plaintiff, in the absence of defendant, in regard to their title to said negro in question. 4. If the jury believe from the evidence that plaintiff sent the negro Nancy to defendant's house, with his daughter, and that said negro remained there a considerable length of time, they must find for defendant, unless the plaintiff has proved to their satisfaction in this case that it was expressly understood between the parties at the time that the negro was sent as a loan and not as a gift."

*Wm. M. Cooke*, for appellant, cited Martin v. Martin, 13 Mo. 66.

*Glover & Richardson* and *Carr*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The only point in this case is, that the verdict is against the evidence, and the defendant therefore contends that the Circuit Court ought to have set it aside and granted a new trial.

In looking over the evidence preserved in the bill of exceptions, we have no doubt that it was sufficient to carry the case to the jury, and this court does not disturb a verdict because it is against the weight of evidence. There is no question of law for our adjudication; the instructions were given for both parties as they were asked for, and these instructions presented the law of the case fairly to the jury.

It has long been the practice of this court to refuse to interfere with the verdicts of juries, because it was considered that the evidence did not support such verdicts. These matters more properly employ the discretion of the lower courts, and we will not interfere with such discretion.

The judgment must be affirmed; the other judges concurring.